Parker C. J.
afterward drew up the opinion of the Court There is no doubt but that the property in the pannels of the pews was in the plaintiffs. They were t® become the property of Johnson only on delivery, and at the delivery they were to be paid for. They were transported to the place of delive ry, but were not paid for or delivered, but remained, until the attachment, the property of the plaintiffs.
The attachment was a tortious act, which in itself was a conversion, according to well settled principles of law and uniform practice. Actions against sheriffs, &c. v'ho have attached property not belonging to the debtor, have been either trespass, or trover, or replevin, as the owner might elect; trespass or replevin more frequently than trover, but the latter is quite usu al. And what objection can there be to this form of action . It is more advantageous to the officer, in regard to damages, than trespass, and it is less troublesome than replevin. A dictum of Lord Mansfield, in 1 Burr. 31, is cited, which is, that if the owner brings trover, he admits that the taking was right *563 fui, and goes only for a subsequent conversion, which must be proved by demand and refusal, or in some other way. This has not been understood to be the law, certainly not in our practice; and it is contrary to the principles laid down in the elementary books. We apprehend that the meaning of Lord Mansfield was, not that a tortious taking is not a conversion, but that the plaintiff in such case choosing to bring trover instead of trespass, will have no right to damages for the mere taking ; so that if the goods were returned before the commencement of the suit, he can recover nothing, having waived his right to recover for the trespass or mere taking, by the form of his action. And this explanation reconciles cases which otherwise will be contradictory. Upon principle, as well as authority and practice, a tortious taking of another’s chattel is a conversion ; it is the exercise of an act of ownership, an ap propriation of another’s property, which is synonymous with conversion.
In 2 Esp. N. P. 580, the law is laid down thus :— “ When the taking of the goods has been tortious, an actual conversion to the party’s own use is not necessary to maintain this action.” It would have been more correct to say, that where there has been a tortious taking, there has been a conversion. This principle is affirmed in the case of Tinkler v. Poole, 3 Wils. 146; S. C. 5 Burr. 2657; Chapman v. Lamb, 2 Str. 943.
The objection that the pew pannels were so intermingled with other articles belonging to the debtor, that the officer.could not distinguish them, and therefore had a right to take them, and so is not liable to any action,[1] is not sustained by the evidence. They were placed by themselves, and the officer took them at his peril, as in other cases.

Judgment according to verdict.

 See Shumway v Rutter, ante, 443.